## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| Robert L. Arnold, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | **Case No.: 14-543** |
| BAYVIEW LOAN SERVICING, LLP and U.S. Bank National Association, as trustee, in trust for the benefit of the Holders of Bayview Opportunity Master Fund IIIa REMIC Trust 2013-14NPL 1 Beneficial Interest Certificates, Series 2013-14NPL 1, | ) ) ) ) ) ) ) ) | **CLASS ACTION** |
| **Defendants.** | ) ) | |

## COMPLAINT

COMES NOW the Plaintiff, Robert L. Arnold, (hereafter the "Plaintiff") and as complaint against the above-named Defendants, Bayview Loan Servicing LLP ("Bayview") and U.S. Bank National Association, as trustee, in trust for the benefit of the Holders of Bayview Opportunity Master Fund IIIa REMIC Trust 2013-14NPL 1 Beneficial Interest Certificates, Series 2013-14NPL 1 ("the Trust") alleges as follows:

### JURISDICTION AND VENUE

1.      The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

1

## PRELIMINARY STATEMENT

3.      This is a class action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendants' violations of the FDCPA.

## PARTIES

4.      Plaintiff is natural person and resident citizen of Baldwin County, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).[1]

5.      Bayview is a limited liability company, which is, upon information and belief, incorporated under the laws of the state of Delaware and has its principal place of business in Coral Gables, Florida. At all relevant times, Bayview was engaged in business within the State of Alabama, including the collection of debts.

6.      Bayview is regularly engaged in the practice of debt collection. In this case Bayview is collecting the debt of another, namely the Trust.

7.      The Trust, "is a securitization of a portfolio of primarily non-performing seasoned residential mortgages."

8.      According to Reuters, the securitization of defaulted mortgage loans has become a big business on Wall Street. See: http://www.reuters.com/article/2013/02/19/markets-credit-idUSL1N0BJ91220130219 .[2]

9.      Bayview sends collection letters and places collection calls as a regular part of its

---

[1] 15 U.S. Code § 1692a(3) states, "[t]he term "consumer" means any natural person obligated or allegedly obligated to pay any debt."

[2] According to the article, "Delinquent and defaulting mortgage loans to struggling US borrowers have become big business on Wall Street, as investors scoop up bonds backed by non-performing loans (NPLs)."

business.

10.     The sole purpose of the Trust is the purchase of defaulted mortgage loans, at deeply discounted prices, and the collection those loans on behalf of its certificate holders.

11.     The mails and interstate wire communications are used to conduct the business of Bayview and the Trust.

12.     Bayview is a debt collector as defined in the FDCPA.

13.     The Trust is also a debt collector because it obtained the Plaintiff's loan after it was in default for the purpose of collection.

## FACTUAL ALLEGATIONS

14.      On or about September 23, 2005, Plaintiff obtained a mortgage loan from Fairway Independent Mortgage Corp.

15.     The loan was initially for $245,000 and secured by the Plaintiff's home.

16.     The servicing of the loan was subsequently transferred to CitiMortgage and then to Bayview.

17.     Plaintiff, due to changes in his circumstances, filed a voluntary petition under Chapter 7 of Title 11 U.S. Code and received a discharge on September 21, 2012.

18.     On his Chapter 7 Statement of Intention, Plaintiff indicated that the home subject to the mortgage loan, now owned by the Trust, was being surrendered.

19.     When the bankruptcy case was filed, Plaintiff was in default because he could no longer afford the home and was behind on the payments.

20.     After Plaintiff received a discharge, his mortgage was assigned to Bayview on or about January 21, 2013.

3

21.     On or about February 1, 2013 the servicing of the loan was also transferred to the defendant Bayview.

22.     At the time of the assignment of the mortgage and the servicing transfer, the Plaintiff's mortgage loan was in default.

23.     The Trust acquired Plaintiff's loan on or about December 20, 2012 or July 25, 2013. (Plaintiff received two different "Notice of New Creditor" notifications containing these dates).

24.     Plaintiff's loan was in default when it was acquired by the Trust regardless of which date is correct.

25.     Bayside foreclosed on the home on or about November 25, 2013.

26.     The sum of $238,000.00 was paid, by Bayview, for the home at the foreclosure sale.

27.     At all relevant times Bayview and the Trust knew or should have known that Plaintiff, who had included the debt at issue in his Chapter 7 case, had received a discharge on September 21, 2012.

<u>COUNT ONE</u>
(FDCPA VIOLATIONS)

28.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

29.     This is a claim asserted against Defendants for violations of the FDCPA.

30.     Bayview is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).[3]

---

[3] 1692a(6) says in pertinent part, "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

4

31.     The Trust is also a debt collector because it obtained Plaintiff's loan, after default, for purpose of collection.

32.     At all relevant times Bayview has acted as the agent of the Trust.

33.     Bayview and the Trust have violated the FDCPA in connection with their attempts to collect the account from Plaintiff.

34.     After it assumed servicing, Bayview, at the direction of the Trust, has contacted Plaintiff 10 or more times requesting payment and demanding the Plaintiff purchase insurance on the property.

35.     Bayview, at the direction of the Trust, conducted a foreclosure sale on November 25, 2013 and sold plaintiff's home for $238,000.00.

36.     Each of the contacts mentioned above was made after Plaintiff's discharge and several were made after the foreclosure on the property.

37.     Contacts made during the one-year limitations period of the FDCPA include two made during December of 2013.

38.     On or about December 2, 2013 Bayview, pursuant to its agreement with the Trust, sent Plaintiff Exhibit One requesting payment of $34,457.79 and stated that the "Current Principal Balance" was $244,038.97.

39.     On or about December 16, 2013 Bayview, at the direction of the Trust, sent Plaintiff Exhibit Two requesting payment of $35,926.01 and stated that "Current Principal Balance" was $244,038.97.

---

another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

40.     Exhibits One and Two are included herein by reference as if fully set out.

41.     Defendants had no right to send Plaintiff Exhibits One and Two because the Plaintiff's debt had been discharged.

42.     Sending the statements mentioned above constitutes harassment.

43.     The two exhibits are also deceptive because they imply that Plaintiff owes money on the discharged mortgage loan.

44.     Furthermore, the stated balance due, in the statements, was grossly inflated because the defendants are not entitled to collect, again, amounts that were paid at the foreclosure sale.

45.     The amounts stated in the statements as "Current Principal Balance" are not accurate because the statements do not credit Plaintiff with the amount paid at the foreclosure sale for the property.

46.     The FDCPA violations of defendants include, but are not limited to the following:

➢ Harassment in violation of 15 U.S.C § 1692d;

➢ False and Misleading representations in violation of  15 U.S.C § 1692e; and

➢ Unfair Practices in violation of 15 U.S.C § 1692f(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k;

B.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C.     Such other and further relief as this Court deems just and proper, the premises considered.

6

## COUNT TWO
### (CLASS ACTION ALLEGATIONS)

47.     Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

48.     Plaintiff requests the court to certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23(b)(3), and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

49.     Plaintiff brings this action on behalf of himself and all members of a class defined as follows:

> All consumers who, from one year prior to the filing of this action through the date of an order certifying a class action herein, are residents of the United States, who were discharged in bankruptcy and received, from the defendants, the form statement, or other form substantially similar, to exhibit One after the underlying debt was discharged, indicating a balance owing.

50.     Plaintiff also brings this action on behalf of himself and all members of a class defined as follows:

> All individuals who, from one year prior to the filing of this action through the date of an order certifying a class action herein, are residents of the United States, whose mortgage loan was foreclosed and received, from the defendants, a statement, that did not credit them with the amounts paid at their foreclosure sale.

51.     The classes are so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the classes relating to the conduct of the defendants regarding said claims. Plaintiff's claims or defenses, as representative of the

classes, are typical of the classes. Plaintiff further avers that in a representative capacity, he will fairly and adequately protect the interest of the classes.

52.     Each class member has been subjected to collection activity in violation of the FDCPA.

53.     Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the Defendants' business records.

54.     Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

      A.     Does the form statement sent to Plaintiff and members of the class violate the FDCPA by implying that money is owing on a debt that was discharged.

      B.     Is the use in the form statement of the wrong principal balance unfair or deceptive?

      C.     What is the appropriate remedy for Defendants' violations of the FDCPA?

55.     Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

56.     This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

57.     The named representative's claims are typical and representative of the classes.

58.     It is and was the practice of Defendants to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and

8

award the members of the classes described herein the remedies provided for in 15 U.S.C. § 1692k, and

    a.    That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class;

    b.    That this court award Plaintiff and the members of the classes statutory damages;

    c.    That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

EARL P. UNDERWOOD, JR. (UNDEE6591)
Underwood & Riemer, PC
Attorneys for Plaintiff
21 South Section Street
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
E-mail: epunderwood@alalaw.com

PLAINTIFF DEMANDS A TRIAL BY JURY

EARL P. UNDERWOOD, JR.

Defendants will be served by Certified mail at the following addresses:

Bayview Loan Servicing, LLP
c/o CSC-LAWYERS INCORPORATING SRVC INC
150 South Perry Street
Montgomery, AL 36104

9

U.S. Bank National Association, as trustee, in trust for the benefit
of the Holders of Bayview Opportunity Master
Fund Il la REMIC Trust 2013-14NPL 1
Beneficial Interest Certificates
Series 2013-14NPL 1
60 Livingston Avenue
EP-MN-WS3D
St. Paul, Minnesota 55107